[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2006
THOMAS K. KAHN
CLERK

No. 05-13660
Non-Argument Calendar

_____

D. C. Docket No. 04-00297-CR-T-23TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR ENRIQUE VIRULA ARREDONDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 20, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Oscar Enrique Virula Arredondo appeals his 121-month sentence

after he pled guilty to one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App.§ 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii) ("count one"), and one count of possession with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a) and (j), and 21 U.S.C. § 960(b)(1)(B)(ii) ("count two"). On appeal, Arredondo argues the court's low-end Guideline sentence was unreasonable because (1) he did not have a financial interest in the drugs; (2) he was not an organizer; (3) he was not the captain of the vessel; (4) he had no knowledge about the criminal organization; and (5) he is a family man with no criminal history who was not likely to be a recidivist. He asserts that the district court should have given more weight to his humble acceptance of responsibility and the fact that he committed the offense, not out of greed, but rather out of necessity in order to support his family. The government responds that this Court lacks jurisdiction under 18 U.S.C. § 3742(a) to address Arredondo's § 3553(a) argument because the district court's alleged failure to consider the statutory factors did not result in a sentence imposed in violation of law.

2

### A. *Jurisdiction*

As an initial matter, contrary to the government's position, we have jurisdiction under 18 U.S.C. § 3742(a) to entertain Arredondo's argument that the district court's low-end Guideline sentence was unreasonable. *United States v. Martinez*, 434 F.3d 1318, 1322 (11th Cir. 2006) (concluding "that a post-*Booker* appeal based on the 'unreasonableness' of a sentence, whether within or outside the advisory guidelines range, is an appeal asserting that the sentence was imposed in violation of law pursuant to § 3742(a)(1).").

### B. *Reasonableness*

We review sentences imposed under the post-*Booker* advisory Guideline scheme for reasonableness. *United States v. Winingear*, 422 F.3d 1241, 1244 (11th Cir. 2005); *United States v. Booker*, 543 U.S. 220, 260-63, 125 S. Ct. 738, 765-66 (2005) (holding that appellate court review sentences for unreasonableness in light of the § 3553(a) factors). Following the *Booker* decision, we have held that the district court must first correctly calculate the defendant's advisory Guideline range, and then, using the 18 U.S.C. § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence as long as it is reasonable. *United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005).

Moreover, our review for reasonableness is deferential. *United States v.*

*Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We have stated that we "must evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)," and that in evaluating a sentence for reasonableness, "we recognize that there is a range of reasonable sentences from which the district court may choose . . . ." *Id.* The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Id.* at 786; *see also* 18 U.S.C. § 3553(a). We also have noted that "when the district court imposes a sentence within the advisory Guideline range, we ordinarily will expect that choice to be a reasonable one." *Id.* at 788.

In *United States v. Scott*, we held that a district court's statement that it had considered the § 3553(a) factors alone is sufficient in post-*Booker* sentences to indicate that it considered the factors. 426 F.3d 1324, 1329-30 (11th Cir. 2005). We held "that nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *Id.* at 1329. We concluded that the

4

defendant's sentence was reasonable because the district court accurately calculated the Guideline range and the defendant's sentence at the low end of the range reflected the court's consideration of his evidence in mitigation. *Id.* at 1330.

In the present case, we conclude from the record that Arredondo's sentence was reasonable. First, the district court correctly calculated Arredondo's Guideline range. *See Crawford*, 407 F.3d at 1178. Second, the court, in sentencing Arredondo to a low-end Guideline sentence took into consideration the 18 U.S.C. § 3553(a) factors. In listening to Arredondo's argument in favor of mitigation based on his role in the offense and on the circumstances surrounding his loss of employment and his need to support his daughters, the district court did take into account Arredondo's personal history and characteristics. *See* 18 U.S.C. § 3553(a)(1). However, the court also took into consideration the seriousness of the offense and the need to protect the public when it responded to Arredondo's plea for mitigation by noting that Congress has deemed cocaine smuggling to be a very serious offense given its immense societal costs. *See* 18 U.S.C. § 3553(a)(2), (4). Although the court did not explicitly discuss each and every one of the § 3553(a) factors, it was not required to do so. *See Scott*, 426 F.3d at 1329-30. Finally, the court, recognizing its discretion under *Booker* to impose a non-Guideline sentence, applied the Guidelines in an advisory fashion.

*Conclusion*

Based on our review of the record and the parties' briefs, we discern no reversible error.  Accordingly, we affirm Arredondo's sentence.

**AFFIRMED.**